UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————

UNITED STATES OF AMERICA,               )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
$1,071,251.44 OF FUNDS ASSOCIATED       )
WITH MINGZHENG INTERNATIONAL            )
TRADING LIMITED;                        )
                                        )
$347,446.93 OF FUNDS ASSOCIATED         )
WITH MINGZHENG INTERNATIONAL            )
TRADING LIMITED;                        )
                                        )
$42,632.00 OF FUNDS ASSOCIATED          )
WITH MINGZHENG INTERNATIONAL            )     Case No. 17-cv-01166 (KBJ)
TRADING LIMITED;                        )
                                        )
$30,258.00 OF FUNDS ASSOCIATED          )
WITH MINGZHENG INTERNATIONAL            )
TRADING LIMITED;                        )
                                        )
$253,638.25 OF FUNDS ASSOCIATED         )
WITH MINGZHENG INTERNATIONAL            )
TRADING LIMITED; AND                    )
                                        )
$157,749.07 OF FUNDS ASSOCIATED         )
WITH MINGZHENG INTERNATIONAL            )
TRADING LIMITED;                        )
                                        )
            Defendants.                 )
                                        )
—————————————————————

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT AND ORDER OF FORFEITURE**

_Procedural History_

On June 14, 2017, the plaintiff United States government commenced this civil forfeiture

action *in rem* against the defendant properties pursuant to 18 U.S.C. § 981(a)(1)(C), as property

that constitutes or is derived from proceeds traceable to violations of the International Emergency

1

Economic Powers Act ("IEEPA"), codified at 50 U.S.C. § 1701 *et seq*.  The government also alleged that the defendant properties were subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering transactions and attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956(a)(2)(A), (h), and as assets traceable to such property. *Id.* On January 31, 2018, the Clerk of the Court entered Default in this matter.  *See* ECF No. 9.

The defendant properties consist of $1,902,976.00 associated with Mingzheng International Trading Limited (Mingzheng), further described as: $1,071,251.44 of funds associated with Mingzheng; $347,446.93 of funds associated with Mingzheng; $42,632.00 of funds associated with Mingzheng; $30,258.00 of funds associated with Mingzheng; $253,638.25 of funds associated with Mingzheng; and $157,749.07 of funds associated with Mingzheng, all which are being held at six U.S. financial institutions (collectively "Defendant Funds).

### Review of In Rem Jurisdiction

A civil forfeiture action is an *in rem* proceeding brought by the government as plaintiff against defendant property, wherein the government asserts a superior interest in the property pursuant to a forfeiture statute. *See United States v. Dodge Caravan Grand SE*, 387 F.3d 758, 760-61 (8th Cir. 2004). Forfeiture statutes are grounded in the legal fiction that an inanimate object itself is guilty of wrongdoing. *See United States v. United States Coin & Currency*, 401 U.S. 715, 719 (1971); *Via Mat Int'l South America, Ltd. v. United States*, 446 F. 3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property). Any third party with a stake in the proceedings may intervene to protect his interest in the property. *See United States v. All Funds in Account Nos. 747.034/278*,

295 F.3d 23, 25 (D.C. Cir 2002). An *in rem* proceeding stands wholly independent of any *in personam* criminal proceeding. *Calero v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 684 (1974).

The Supplemental Rules For Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern forfeiture actions *in rem* arising from a federal statute. *See* Supplemental Rule A(l)(B). The Federal Rules of Civil Procedure also apply, except to the extent they are inconsistent with the Supplemental Rules. *See* Supplemental Rule A(2). The Supreme Court has stated that "[t]he fictions of *in rem* forfeiture were developed primarily to expand the reach of the courts and to furnish remedies for aggrieved parties, not to provide a prevailing party with a means of defeating its adversary's claim for redress." *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 87 (1992) (citation omitted).

*In rem* jurisdiction is defined as "[a] court's power to adjudicate the rights to a given piece of property, including the power to seize and hold it." Black's Law Dictionary (9th ed. 2009); *see also Gang Luan v. United States*, 722 F.3d 388, 399 n.15 (D.C. Cir. 2013) ("*In rem* jurisdiction is jurisdiction over the property."). Historically, courts held that they must have custody and control over the *res* in order to make decisions about it that were binding against the world. *See R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 964 (4th Cir. 1999) (internal citation omitted). Courts' control of the *res* could have been actual or constructive. *See Capital Yacht Club*, 409 F. Supp. 2d at 5 (citing *The Brig Ann*, 13 U.S. (9 Cranch) 289, 291 (1815)). "Constructive possession connotes something less than physical seizure of a *res* by a court." *Haver*, 171 F.3d at 964.

Courts have since broadly expanded the constraints of *in rem* jurisdiction. For example, the D.C. Circuit, Ninth Circuit, and Third Circuit have vested *in rem* jurisdiction in district courts without requiring constructive or actual control of the *res*. *See United States v. Approximately $1.67 Million*, 513 F.3d 991, 998 (9th Cir. 2008) (citing *United States v. All Funds in Account Nos.*

3

*747.034/278*, 295 F.3d 23, 26-27 (D.C. Cir. 2002) and *Contents of Account Number 03001288 v. United States*, 344 F.3d 399, 403 (3d Cir. 2003). The Ninth Circuit ultimately held that "[w]here an act or omission giving rise to the forfeiture occurs in a district, the corresponding district possesses jurisdiction over the forfeiture action regardless of its control over the *res*." *See Approximately $1.67 Million*, 513 F.3d at 998. Similarly, the D.C. Circuit held that § 1355(b)(2) provides district courts with *in rem* jurisdiction over property subject to forfeiture that is located abroad regardless of whether it is in the court's actual or constructive possession. *See All Funds in Account Nos. 747.034/278*, 295 F.3d at 26-27; *see also United States v. One Gulfstream G-V Jet Aircraft*, 941 F.Supp.2d 1, 7 (D.D.C. 2013) (§ 1355(b)(2) granted jurisdiction in forfeiture of foreign property); *But see United States v. All Funds on Deposit in any Accounts Maintained in Names of Meza or De Castro*, 63 F.3d 148, 152-53 (2d Cir. 1995) (holding that while § 1355 conferred *in rem* jurisdiction upon property located abroad, it did not obviate the requirement that the property be in the court's actual or constructive possession).

### Process for Warrant for Arrest In Rem

Historically, when a party filed an *in rem* complaint, the court issued a warrant for the arrest of the *res* in order to bring the *res* into the court's custody. *See Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1171 (11th Cir. 2011). The statutory scheme has subsequently narrowed the application of arrest warrants. If the defendant is not real property:

> (i) the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

> (ii) the court—on finding probable cause—must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and

> (iii) a warrant is not necessary if the property is subject to a judicial restraining order.

4

*See* Supplemental Rule G(3)(b). Thus, an arrest warrant is not necessary if it the defendant property is subject to a judicial restraint. *Id.* Where the defendant property is not the subject of a restraining order and is in the government's possession, custody, or control, the clerk must issue an arrest warrant; however, such warrant need not be executed. *See* Supplemental Rule G(3)(c)(ii)(A) (stating that execution of warrant is not necessary where the property is in the government's possession, custody, or control). The statutory scheme makes these two carve outs (i.e., obtaining or executing the warrant), where the *res* is already sufficiently encumbered to ensure the court has jurisdiction over it, to the extent courts any longer need control over a *res* for an action to proceed.

Judge Cooper recently noted that "[t]he government's failure to obtain an arrest warrant [] does not deprive the Court of jurisdiction over the case." *United States v. One GE CF6-50CS Aircraft Engine*, 1:15-cv-02203-CRC, ECF 27 at 1-2 (attached hereto as Exhibit A). Judge Cooper relied on *Oakey v. U.S. Airways Pilots Disability Income Plan*, 723 F.3d 227, 236 (D.C. Cir. 2013) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)), which held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." There is no indication in the Supplemental Rules that obtaining an arrest warrant is a jurisdictional requirement. *See United States v. All Right, Title & Interest in Five Parcels of Real Prop. & Appurtances Thereto Known as 64 Lovers Lane*, 830 F. Supp. 750, 754–55 (S.D.N.Y. 1993) (rejecting claimant's argument "that no in rem jurisdiction exists because the government never sought or obtained a warrant for the arrest of the defendant properties and no seizures have been made," because courts disfavor seizures, and the government had sufficiently encumbered the *res* by filing a complaint).[1]

---

[1] One court, delayed entry of default where the clerk issued a warrant for the arrest of property not in the government's possession, custody or control, but the government provided no evidence

In the instant action, the Treasury Department, Office of Foreign Assets Control (OFAC) blocked the defendant property prior to the initiation of the instant action. The blocking of funds relates to the exercise of the "Executive's authority in the realm of foreign affairs." *Empresa Cubana Exportadora de Alimentos y Productos Varios v. U.S. Dep't of Treasury*, 606 F. Supp. 2d 59, 68 (D.D.C. 2009), aff'd, 638 F.3d 794 (D.C. Cir. 2011). Blocked funds are encumbered such that no party may gain possession, custody, or control of the funds without permission from the government. *Cf. Huu To v. Bank of New York*, 101 F.3d 681 (2d Cir. 1996) (plaintiffs filed a claim with OFAC seeking title, possession, and control of the assets).

At a minimum blocked funds are within the possession, custody, or control of the government.  *Cf. Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 734 (D.C. Cir. 2007) (noting that courts are "extremely deferential" to blocking decisions by OFAC, because that involves the Executive's operation in an area "at the intersection of national security, foreign policy, and administrative law"). Court's may rely on the government's proffer that it has possession, custody, or control of the *res. See United States v. $85,201.00 in U.S. Currency*, No. 10-CV-79-JPG, 2011 WL 612067, at *1 (S.D. Ill. Feb. 15, 2011) (court relied on declaration from the government that it possessed the funds before it sent out initial notice of seizure, and claimants offered no factual or legal support to its counter-narrative). It is irrelevant for such analysis that the funds remained in a blocked account at a bank, because a third party may store/contain restrained property on behalf of the government. *See Eleven New Util. Vehicles*, 2014 WL

---

that the warrant was executed. *See United States v. $12,160.00 in U.S. Currency*, No. 13-3790, 2014 WL 1653270, at *1 (D. Md. Apr. 23, 2014). The court found that process was not complete. That case is readily distinguishable, because property not in the government's control and that is not subject to judicial restraint are the only instances where an arrest warrant must be executed. Here, however, the defendant property is within the possession, custody, or control of the government, which obviates the need to execute the warrant.

4385734, at *5–6 (although third party contractor provided storage space and services for seized property, the government still had possession, custody and control of the property).

Given the force of a blocking action, they are tantamount to a judicial restraining order. *Cf. Dirks v. Bd. of Cty. Commissioners of Ford Cty.*, No. 15-CV-7997-JAR, 2016 WL 2989240, at *5 (D. Kan. May 24, 2016) (grouping "judicial orders" and "administrative regulations" in the same category); *United States v. Fanta*, No. 04 CR. 1253 (JFK), 2005 WL 3455755, at *1 (S.D.N.Y. Dec. 16, 2005) (equally analyzing a "court order" and an "administrative agency order"); *Hobson v. Eaton*, 26 Ohio Misc. 59 (N.D. Ohio 1970) (referencing "judicial, executive or administrative order[s]"). No arrest warrant is required where there is a judicial restraint, because the funds are sufficiently encumbered. As such, no warrant should be required for blocked funds, which are equally encumbered.

Assuming arguendo that a block is not equal to a restraining order, it certainly rises to the level of a lien. Liens act in equal force as arrest warrants to assert jurisdiction to a *res*. *See Five Parcels of Real Prop.*, 830 F. Supp. at 754–55 ("[S]o long as some government action has given it constructive control over the property, the *in rem* proceeding is proper."). Specifically, "a lien is an alternative manner by which a court may exercise dominion or control over property." *United States v. One Oil Painting Entitled Femme en Blanc by Pablo Picasso*, 362 F. Supp. 2d 1175, 1183 (C.D. Cal. 2005) (citing *Roller v Holly,* 176 U.S. 398, 406 (1900) (stating that if a lien exists on real property, the court may proceed as though the property had been seized by attachment or execution.); *see also Five Parcels of Real Prop.*, 830 F. Supp. at 754–55 (filing of a lien against real property has, in effect, brought the property under the court's jurisdiction"). A lien is merely a recorded restraint, that can be disregarded by the parties; however, a blocking order terminates

access to the funds without a license from OFAC. Thus, the blocking of funds can act like a lien as a substitute for an arrest warrant..

<u>Standard for Default Judgment</u>

A court has the power to enter default judgment. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, LLC*, 635 F. Supp. 2d 21, 23 (D.D.C. 2009) (citing Keegel v. Key W. & Caribbean Trading Co., 627 F.2d 372, 375 n. 5 (D.C.Cir.1980)). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed.R.Civ.P. 55(a); *see also United States v. $6,500.00 in U.S. Currency*, No. 1:10-CV-327, 2010 WL 4365886, at *1 (E.D. Tex. Nov. 2, 2010), *report and recommendation adopted sub nom. United States v. & 6,500.00 in U.S. Currency*, No. 1:10-CV-327, 2010 WL 4365890 (E.D. Tex. Nov. 3, 2010) ("Federal Rule of Civil Procedure 55 allows the court to enter a party's default when a party has failed to plead or otherwise defend."). Default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party ... [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir.1980) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970)).

Although there is a general policy favoring decisions on the merits, which weighs against default judgment, if potential claimants fail to respond to a complaint, "a decision on the merits is impractical, if not impossible." *United States v. Approximately $45,860 in U.S. Currency*, No. 14-CV-03801-JCS, 2015 WL 1387468, at *4 (N.D. Cal. Mar. 24, 2015). "A denial of default judgment would prejudice the government in that it would be required to expend further time and effort in

an action where no claimants [] have appeared. Without a default judgment, the government may be without recourse altogether." *See United States v. Real Prop. & Improvements Located at 929 Clay St., Unit #7, San Francisco, CA*, No. 15-CV-00010-JD, 2015 WL 3547256, at *3 (N.D. Cal. June 5, 2015).

The court's primary inquiry when considering default is whether notice has been adequately served, and if any party filed timely claim. *See United States v. $4,620 in U.S. Currency*, 779 F. Supp. 2d 65, 67 (D.D.C. 2011) (default was appropriate because the government "provided sufficient notice of the seizure of the defendant property," and no party successfully filed a timely claim); *see also United States v. Remington, Model 58, 12 Gauge Shotgun, SN: £9181V*, No. 1:11-CV-330, 2012 WL 1466684, at *1 (E.D. Tex. Feb. 7, 2012), report and recommendation adopted, No. 1:11-CV-330, 2012 WL 1466682 (E.D. Tex. Apr. 26, 2012) (court found there was no reason to proceed any further in the matter after noting the government's compliance with Supplement Rule G(4) notice requirements); *United States v. 1999 Lexus GS400*, No. C 05–1139, 2007 WL 1056791, *2-3 (N.D. Cal. 2007) ("Default may be entered upon a showing that: (a) notice has been given as required by Admiralty Local Rule 6–1; (b) the time to answer has expired; and (c) no one has appeared to claim the property.").

In *in personam* actions, default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d 32, 34 (D.D.C. 2011) (citing *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001). A court must treat "the factual allegations in a complaint, other than those as to damages ... as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.2005). That is, default does not necessarily establish the amount of damages that a plaintiff is entitled to in such actions. *Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d at 35

(citing *Shepherd v. Am. Broad. Cos., Inc.*, 862 F.Supp. 486, 491 (D.D.C.1994), vacated on other grounds, 62 F.3d 1469 (D.C.Cir. 1995)). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Id.* (internal citations omitted). "The court has considerable latitude in determining the amount of damages." *Id.* (citing *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993)). The court must ensure that there is a basis for the damages specified in the default judgment. *See Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d at 35 (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir.1997)).

*In rem* actions stand in a different posture, as although they are not a technically a request for a sum certain, they functionally operate in many ways as one.  Specifically, the amount that the government seeks to recover is almost always the exact amount of the defendant property. The basis for that amount is set forth in the complaint, which creates the requisite basis for the court to order the requested damages.

Some courts have opined that an examination of the facts is also needed to see if the reasonable belief standard set forth in the Supplemental Rules has been met. *See United States v. Two AN/PVS-14 Monocular Night Vision Devices, et al.*, 1:17-cv-01262 (CRC), ECF 9 at 3 (attached hereto as Exhibit B) ("When a plaintiff has moved for default judgment, the Court must ensure that default was properly entered and, if so, decide whether the facts stated in the complaint, accepted as true, entitle the plaintiff to judgment in her favor."). Framed against this inquiry, courts must also note that the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint" upon entry of default by the clerk. *Int'l Painters & Allied Trades Indus. Pension Fund v. R. W. Amrine Drywall Co., Inc.*, 239 F.Supp.2d 26, 30 (D.D.C. 2002) (citation omitted); *see also Dundee Cement Co. v. Highway Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323

(7th Cir.1983) (same). Thus, the forfeiture complaint must merely allege facts that create a reasonable belief that the defendant property is subject to forfeiture. *United States v. Approximately $30,000 in U.S. Currency,* No. 1:13-CV-1542, 2015 WL 5097707 (E.D. Cal. Aug. 28, 2015) (court reviews the sufficiency of the facts under the reasonable belief standard in Rule G(2)(f)); *United States v. $75,000 in U.S. Currency*, No. 2:14-CV-7633, 2015 WL 3409468, at *4 (D.N.J. May 27, 2015) (facts in complaint are sufficient to establish "a reasonable belief that the Government would be able to meet its burden at trial"); *but see United States v. One 2003 Mercedes Benz CL500, VIN WDBPJ75J353A033241*, No. PWG-11-3571, 2014 WL 7335776, at *1 (D. Md. Dec. 17, 2014) (requiring government to show by a preponderance of the evidence that the defendant property was subject to forfeiture in order to obtain default judgment).

In the instant action, the government has provided adequate notice and pled sufficient facts in its complaint to establish a reasonable belief that the Government would be able to meet its burden at trial. The government recanted compliance with notice requirement and evidence of forfeiture in its Memorandum of Law in Support of its Motion for Entry of Default Judgment and Order of Forfeiture, which is incorporated herein by reference.

**WHEREFORE**, the United States respectfully submits this Supplemental Memorandum of Law in support of its Motion to Enter Default Judgment and enter an Order of Forfeiture.

Respectfully submitted,

JESSIE K. LIU,
UNITED STATES ATTORNEY

By: _____/s/_____
Zia M. Faruqui, D.C. Bar No. 494990
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7117
zia.faruqui@usdoj.gov